IN THE COURT OF COMMON PLEAS
CIVIL DIVISION
HAMILTON COUNTY, OHIO

| | |
|---|---|
| SYCAMORE CENTER, LLC<br>1644 E KEMPER ROAD<br>CINCINNATI, OHIO 45246<br><br>Plaintiff,<br><br>-vs.-<br><br>FRANKENMUTH INSURANCE COMPANY<br>c/o ANDREW H. KNUDSEN, PRESIDENT<br>ONE MUTUAL AVENUE<br>FRANKENMUTH, MICHIGAN 48787<br>Please Also Serve:<br>Frankenmuth Insurance Company<br>CT Corporation System<br>4400 Easton Commons Way, Suite 125<br>Columbus, Ohio 43219<br><br>Defendant. | Case No: _____<br><br>**COMPLAINT WITH**<br>**JURY DEMAND**<br>**ENDORSED HEREON** |

NOW COMES Plaintiff, **Sycamore Center, LLC,** by and through undersigned counsel, and states its Complaint against the named Defendant, as follows:

### I. The Parties

1. Plaintiff, Sycamore Center, LLC, ["Plaintiff"] is a domestic limited liability company which is the sole owner of the real estate and structure located at 11925 Montgomery Road, in Cincinnati, Hamilton County, Ohio 45249 ["the subject property"].

2. Plaintiff had insured the subject property through Defendant, Frankenmuth Insurance Company ["Frankenmuth" and/or "Defendant"].

Page 1 of 8

3. This case arises, *inter alia,* from the negligent and/or willful failure of the Defendant to fully, adequately and timely indemnify the Plaintiff for its covered loss, which occurred on or about March 3, 2023.

4. Defendant, Frankenmuth Insurance Company is a Michigan-based insurance company, which had issued a commercial property insurance policy to the Plaintiff which was in full force and effect at the time of the subject property loss. Defendant conducts substantial business within Hamilton County, Ohio.

## II. Jurisdiction and Venue

5. Jurisdiction is properly invoked in the Hamilton County Court of Common Pleas, as this Court has jurisdiction over actions for breach of insurance contract, and for bad faith, arising from a covered loss and for remediation and restoration services, in which the subject property is located in Hamilton County, Ohio.

6. Venue is proper in Hamilton County, Ohio, as the subject property is in said county, the material events of the subject property loss occurred in said county and the Defendant, conducts substantial business within said county.

## III. Statement of Facts

7. The subject property, 11925 Montgomery Road, in Cincinnati, Hamilton County, Ohio 45249 was (and still is) owned by the Plaintiff.

8. On or about March 3, 2023, Plaintiff suffered a substantial windstorm loss to, *inter alia.,* the roof of the subject property.

9. Plaintiff promptly notified Defendant of the occurrence on or about March 3, 2023, and has satisfied all conditions precedent to pursue a bona fide and valid property loss claim under the

subject Frankenmuth insurance policy which was in full force and effect on the date of the subject loss.

10. Plaintiff duly reported the loss and fully cooperated with the Defendant following the subject windstorm loss. Defendant failed to conduct a reasonable investigation of the loss.

11. As a result of the subject covered loss, there was substantial damage and/or destruction to the structure and/or the interior and/or contents and/or loss of use and/or additional damages at the subject property.

12. Defendant wrongfully denied the claim and/or certain portions of the claim and/or processed the claim in bad faith and/or made an inadequate, partial payment for the loss and/or otherwise engaged in wrongful acts and omissions in failing to indemnify the Plaintiff for the covered loss.

13. Plaintiff placed reasonable reliance in the Defendant that said Defendant would act in good faith, engage in fair dealing, adjust the claim in good faith and indemnify the Plaintiff promptly for its property losses, in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

## COUNT I: BREACH OF CONTRACT

14. Plaintiff restates and re-alleges each and every allegation contained in Paragraphs One through Thirteen (1-13) with the same force and effect as if fully rewritten herein.

15. Plaintiff placed reasonable and justifiable reliance upon the Defendant to perform the reasonable and necessary services to adjust the subject windstorm loss and to adequately indemnify Plaintiff for its subject loss.

16. Defendant owed a duty of good faith and fair dealing to the Plaintiff in carrying out its duties under the subject insurance policy.

17. Defendant breached its duty of good faith and fair dealing, by, *inter alia*, engaging in the following acts or omissions:

(a) failing to promptly and reasonably adjust and pay the Plaintiff's claim;

(b) failing to establish a reasonable justification for the denial of the Plaintiff's claim;

(c) taking advantage of the Plaintiff's vulnerable position in order to force the Plaintiff to accept an unfair settlement of the Plaintiff's claim;

(d) failing to properly inspect the site of the losses and to adequately and properly investigate the claim, with the wrongful intent to deny the Plaintiff's claims from its inception;

(e) failing to properly analyze the cause of the loss and/or the applicable coverage;

(f) failing to properly review the analysis contained in any reports related to the loss in its possession;

(g) failing to properly review the available evidence related to the loss;

(h) failing to perform a good faith analysis of the loss;

(i) failing to prepare a good faith estimate of damages caused by the loss;

(j) refusing Plaintiff's reasonable requests for information;

(k) failing to indemnify the Plaintiff for its losses and damages within a reasonable period of time;

(l) failing to properly train, supervise and/or instruct its adjusters and/or agents;

(m) failing to provide uniform and/or standard guidelines and/or materials to adjusters and/or agents to properly evaluate claims;

(n) failing to timely provide sufficient funds for the repairs and replacement of the subject property;

(o) failing to pay sufficient living expenses and/or loss of use expenses incurred by the Plaintiff, in accordance with the governing policy of insurance;

(p) failing to provide sufficient funds for the repair and/or replacement of the contents contained in the subject dwelling, as provided for in the subject policy of insurance;

(q) acting with malice and/or aggravated and/or egregious fraud, and/or, as principal or master, knowingly authorizing, participating in, or ratifying the actions and/or omissions of an agent or servant of the Defendant; and

(r) engaging in other wrongful acts or omissions to be shown at trial on the merits.

18. As a direct and proximate result of the above-referenced material breach of the insurance contract by the Defendant, Plaintiff has sustained losses and damages, in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

19. To the extent the conduct of the Defendant is shown to be willful, wanton, fraudulent, oppressive and/or done in conscious disregard for the property interests of the Plaintiff, then the Plaintiff is entitled to an award of punitive damages, in an amount, to be determined by the trier of fact, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

## COUNT II: BAD FAITH

20. Plaintiff restates and re-alleges each and every allegation contained in Paragraphs One through Nineteen (1-19) with the same force and effect as though fully rewritten herein.

21. As an insurer, Defendant and its management and personnel have the obligation to act in good faith in addressing coverage decisions, including, but not limited to, acting in good faith in the processing and adjustment of claims, upon the occurrence of a covered event.

22. Defendant's wrongful failure to promptly and reasonably adjust the subject claims, as alleged herein, constitutes a series of arbitrary and capricious acts, without a reasonable factual basis and/or legal justification, thereby constituting multiple acts of bad faith towards the insured, the Plaintiff.

23. As a direct and proximate result of Defendant's bad faith conduct, Plaintiff has been damaged in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

24. The conduct of the Defendant has been intentional, malicious, purposeful and/or done in conscious disregard of the rights of the Plaintiff, such that the Plaintiff is entitled to an award of punitive damages or exemplary damages, in an amount, to be determined by the trier of fact, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial.

## **RELIEF REQUESTED**

**WHEREFORE, Plaintiff, Sycamore Center, LLC,** by and through counsel, demands the following relief:

A. Judgment against Defendant, **Frankenmuth Insurance Company**, for the full value of the losses and damages alleged herein, in an amount, yet to be determined, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial;

B. Judgment against Defendant, **Frankenmuth Insurance Company**, for an award of punitive damages, in an amount, to be determined by the trier of fact, but in excess of Twenty-five thousand ($25,000.00) dollars, according to proof at trial;

C. An award of reasonable attorney's fees and costs incurred in the prosecution of this action;

D. An award of pre-judgment interest; and

E. Such further additional relief, whether at law or at equity, as the Court may deem proper and just.

Respectfully Submitted,

*/s/ Benjamin A. Kling, Esq.*
Benjamin A. Kling [100381]
Michael C. Lind [Atty. Reg. #: 102736] [PPA]
Cory D. Thompson [0077967]
Trial Attorneys for Plaintiff
Law Offices of Blake R. Maislin, LLC
2260 Francis Lane
Cincinnati, Ohio 45206
(513) 444-4444 Ext. 146, 121, 111
(513) 721-5557 (FAX)
E-mail: bkling@maislinlaw.com
E-mail: mlind@maislinlaw.com
E-mail: cthompson@maislinlaw.com

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable, pursuant to, *inter alia*, Civil Rules 38 and 39 of the Ohio Rules of Civil Procedure.

*/s/ Benjamin A. Kling, Esq.*
Benjamin A. Kling [100381]
Michael C. Lind [Atty. Reg. #: 102736] [PPA]
Cory D. Thompson [0077967]
Trial Attorneys for Plaintiff
Law Offices of Blake R. Maislin, LLC
2260 Francis Lane
Cincinnati, Ohio 45206
(513) 444-4444 Ext. 146, 121, 111
(513) 721-5557 (FAX)
E-mail: bkling@maislinlaw.com
E-mail: mlind@maislinlaw.com
E-mail: cthompson@maislinlaw.com

## INSTRUCTIONS TO THE CLERK

Please issue Summons and serve the Summons and Complaint upon the named Defendant at the address stated in the caption via Certified U.S. Mail Service, Return Receipt Requested. Should service be returned as **"UNCLAIMED,"** then please re-issue service to that Defendant, via regular U.S. mail service, postage prepaid.

*/s/ Benjamin A. Kling, Esq.*
Benjamin A. Kling [100381]
Michael C. Lind [Atty. Reg. #: 102736] [PPA]
Cory D. Thompson [0077967]
Trial Attorneys for Plaintiff