IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| SYCAMORE CENTER, LLC, | : | Case No. 1:23-cv-438 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| FRANKENMUTH INSURANCE COMPANY, | : | |
| Defendant. | : | |

**ORDER DENYING DEFENDANT'S MOTION FOR BIFURCATION AND STAY OF BAD FAITH/PUNITIVE DAMAGES (Doc. 6)**

This matter is before the Court on Defendant's Motion for Bifurcation and Stay of Bad Faith/Punitive Damages (Doc. 6). Plaintiff filed a Response in Opposition to the motion (Doc. 9), to which Defendant filed a Reply in Support (Doc. 13). Thus, this matter is ripe for the Court's review. For the reasons below, Defendant's Motion for Bifurcation and Stay of Bad Faith/Punitive Damages (Doc. 6) is **DENIED**.

## FACTS

Plaintiff owns property that was damaged during a windstorm. (Compl., Doc. 2, ¶¶ 7-8.) Defendant insured Plaintiff's property. (*Id.* at ¶ 2.) So, Plaintiff proceeded with an insurance claim with Defendant for the property's damages. (*Id.* at ¶¶ 9-10.) Defendant denied the claim. (*Id.* at ¶¶ 10-12.) Plaintiff now brings claims against Defendant for breach of contract and bad faith. (*Id.* at ¶¶ 14-24.) Among the requested damages, Plaintiff seeks punitive damages. (*Id.* at ¶¶ 19, 24.)

## LAW & ANALYSIS

Defendant requests that the Court bifurcate Plaintiff's breach of contract claim from Plaintiff's bad faith claim and punitive damages request. (Motion to Bifurcate, Doc. 6.) Defendant also requests a stay on any discovery pertaining to those issues. (*See id*.) The Court will first consider Defendant's motion as it applies to bifurcation.

### I. Bifurcation

"Bifurcation is a procedural matter addressed by [Federal Rule of Civil Procedure] 42(b) and, thus, Rule 42(b) is the controlling authority for assessing whether a federal court will grant a motion to bifurcate." *Patel Fam. Trust v. AMCO Ins. Co.*, No. 2:11-cv-1003, 2012 U.S. Dist. LEXIS 97412, at *3 (S.D. Ohio Jul. 13, 2012). Under Rule 42(b), a court may bifurcate—that is, "order a separate trial of"—claims "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). But "[b]ifurcation is the exception to the general rule that disputes should be resolved in a single proceeding and should be ordered only in exceptional cases." *Woods v. State Farm Fire & Cas. Co.*, No. 2:09-cv-482, 2010 U.S. Dist. LEXIS 35230, at *2 (S.D. Ohio Mar. 16, 2010). The party seeking bifurcation has the burden of proving that bifurcation is warranted. *Id.* at *3.

Defendant first argues that bifurcation is necessary because, if Plaintiff fails on its breach of contract claim, then Plaintiff's bad faith claim becomes moot. (Motion to Bifurcate, Doc. 6, Pg. ID 200.) But this Court has held that "a defendant may not ground its bifurcation argument on the mere possibility that resolution of the breach of contract issue may preclude the plaintiff's bad faith claim." *Wolkosky v. 21st Century Centennial Ins. Co.*, No. 2:10-cv-439, 2010 U.S. Dist. LEXIS 79643, at *13 (S.D. Ohio July 14, 2010) (citation

2

omitted). Thus, this argument fails.

Defendant next argues that bifurcation is necessary because Plaintiff may introduce certain evidence at trial pertaining to its bad faith claim and punitive damages request that may cause prejudice or confuse the jury. (Motion to Bifurcate, Doc. 6, Pg. ID 200.) But "the simple fact that breach of contract of insurance coverage and bad faith claims will be tried jointly" is not enough to show "that jury confusion would result." *Wolkosky*, 2010 U.S. Dist. LEXIS 79643, at *12. And in any event, "[a]ny confusion will be alleviated through proper jury instructions." *Bonasera v. New River Elec. Corp.*, 518 F. Supp. 3d 1136, 1150 (S.D. Ohio 2021). Defendant does not provide any other "specific" argument to show that prejudice will be caused without bifurcation. *See Wolkosky*, 2010 U.S. Dist. LEXIS 79643, at *10.

Defendant fails to satisfy its burden of showing that this is an exceptional case to justify bifurcation. To be sure, the interest in a fair and expeditious resolution of Plaintiff's claims weighs against bifurcation. Accordingly, Defendant's request that Plaintiff's bad faith claim and punitive damages request be bifurcated is denied.

## II. Stay of Discovery

The Court turns to Defendant's request to stay discovery on Plaintiff's bad faith claim and punitive damages request. "Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Gettings v. Bldg. Laborers Loc. 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003). A stay of discovery related to a bad faith claim is not mandatory. *Maxey v. State Farm Fire & Cas. Co.*, 569 F. Supp. 2d 720, 723 (S.D. Ohio 2008). To warrant a stay of

3

discovery, Defendant must show "how the information requested by Plaintiff would impact [its] ability to defend the breach of contract claims." *Id.* Mere assertions of prejudice are insufficient to necessitate a stay. *Id.* Courts must consider not only prejudice to Defendant, but also "prejudice to the Plaintiff, and the interests of judicial economy if the Court granted a stay of discovery." *Id.*

Defendant first argues that a stay of discovery on Plaintiff's bad faith claim and punitive damages request is necessary because Plaintiff "may receive work product that reflects the thought processes and coverage analysis of the insurer and its counsel." (Motion to Bifurcate, Doc. 6, Pg. ID 200-02.) But "[d]efendants in bad-faith cases faced with disclosure of privileged documents are not automatically entitled to . . . a stay of discovery." *Bonasera*, 518 F. Supp. 3d at 1148 (citation omitted). "Rather, a defendant must make a specific showing that the discovery will prejudice its defense." *Wolkosky*, 2010 U.S. Dist. LEXIS 79643, at *10 (citation omitted). Defendant's general assertion that discovery of confidential information will cause prejudice lacks "the specificity and particularity necessary to sustain [its] burden of proof." *Terra Jennings, et al. v. Allstate Vehicle and Prop. Ins. Co., et al.*, No. 1:20-cv-464, 2020 U.S. Dist. LEXIS 224925, at *3 (S.D. Ohio Dec. 1, 2020); *see also Woods*, 2010 U.S. Dist. LEXIS 35230, at *3 (denying defendant's request to stay discovery because defendant failed to offer "any specifics as to how it [would] be prejudiced").

Defendant also maintains that a stay would prevent "discovery problems, privilege fights, interlocutory appeals, and other expensive disputes." (Motion to Bifurcate, Doc. 6, Pg. ID 200.) But again, these general assertions of prejudice are not

enough to show that a stay is truly necessary. *See Gaffney v. Fed. Ins. Co.*, 5:08-cv-76, 2008 U.S. Dist. LEXIS 64450, at *7 (N.D. Ohio Aug. 21, 2008) (refusing to stay discovery where "the resulting prejudice to plaintiffs and negative impact on judicial economy outweighs the speculative prejudice to [the defendant] that may result from simultaneous discovery of the coverage and bad faith claims").

Finally, Defendant argues that a stay is appropriate because, without a successful breach of contract claim, Plaintiff's bad faith claim fails. (Motion for Bifurcation, Doc. 6, Pg. ID 201.) But, like bifurcation, the mere possibility that a resolution of the breach of contract issue may preclude Plaintiff's bad faith claim is not enough to justify a stay. *See Gen. Electric Credit Union v. Nat'l Fire Ins.*, No. 1:09-cv-143, 2009 U.S. Dist. LEXIS 96085, at *15 (S.D. Ohio Sep. 30, 2009).

Defendant has not met its burden to show that a stay of discovery is necessary. Accordingly, Defendant's request that discovery be stayed as to Plaintiff's bad faith claim and punitive damages request is denied.

## CONCLUSION

For these reasons, Defendant's Motion for Bifurcation and Stay of Bad Faith/Punitive Damages (Doc. 6) is **DENIED**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: /s/ Matthew W. McFarland
JUDGE MATTHEW W. McFARLAND

5